## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| INTELSPEC INTERNATIONAL, INC., a Nevada corporation and INTELSPEC LLC, a Delaware limited liability company, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiff Intel Corporation ("Intel") alleges as follows:

1.      This action arises from unauthorized use of the trade name and trademark INTELSPEC, and the domain name www.intelspec.com, by Intelspec International, Inc., a Nevada corporation and Intelspec LLC, a Delaware limited liability company (collectively "Intelspec" or "Defendants").

2.      By using a name and mark that wholly incorporates and emphasizes the world-famous INTEL® trademark, Defendants have caused and are likely to continue to cause confusion that Intel is the source or sponsor of Defendants' goods and services, or that there is an association between Intel and Defendants. In addition, Defendants' acts are causing, and/or are likely to cause, dilution of the INTEL® trademark, especially given the overwhelming and distinctive association that the public makes between the term "Intel" and Plaintiff Intel Corporation. Consequently, Intel seeks injunctive relief and damages under the federal Lanham Act (15 U.S.C. §§ 1051, *et seq.*), Delaware state law, and the common law.

## I.   JURISDICTION

3.     This Court has personal jurisdiction over Defendants because, on information and belief, they conduct or have conducted business, as well as advertised and promoted their goods and services, in the State of Delaware and within this judicial district. Defendant Intelspec LLC is a Delaware company.  Moreover, the effects of Defendants' accused acts have been felt in this district.

4.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.  Intel's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq.*  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.

5.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and (c).  Intel is informed and believes that Defendants transact or have transacted business in this judicial district and may be otherwise found here, and a substantial part of the events, omissions, and injuries giving rise to Intel's claims occurred in this judicial district.

## II.   THE PARTIES

6.     Plaintiff Intel is a Delaware corporation having its principal place of business at 2200 Mission College Boulevard, Santa Clara, California.  Intel offers a wide variety of goods and services under its INTEL family of marks.  These goods and services are sold worldwide and throughout the United States, including in the District of Delaware.

7.     Upon information and belief, Defendant Intelspec International, Inc. is a Nevada corporation with its corporate office in Salt Lake City, Utah.  Upon information and belief, Defendant Intelspec LLC is a Delaware limited liability company, and a subsidiary or affiliate of Intelspec International.  Upon information and belief, Defendants offer consultation

and engineering and construction services worldwide. They promote their services on the World Wide Web at the URL http://www.intelspec.com. Upon information and belief, these services are available to consumers throughout the United States, including the state of Delaware.

## III.   INTEL'S BUSINESS AND MARKS

8.     Intel is a world-famous company that develops, manufactures and sells a wide variety of computer, communications and technology-related products and services. Intel's customers include individual consumers, businesses, schools, and governments.

9.     For more than 40 years, Intel has used its INTEL family of marks (including INTEL and other INTEL-formative marks) as a trade name, trademark and service mark to identify virtually its entire line of products and services. INTEL is one of the most valuable, respected and famous names and trademarks in the world. Indeed, in 2010, the INTEL brand was ranked seventh in the world in Interbrand's Best Global Brands survey, with an estimated value of $32.0 billion.

10.    Intel's offerings are also ubiquitous. Intel's performance is frequently cited as a bellwether of the business economy both domestically and abroad. Intel creates products and technologies that have become essential parts of governments, businesses, schools, and homes everywhere.    In 2010 alone, Intel sold over $43.6 billion of INTEL branded products and services.

11.    As would be expected, Intel has offered myriad services over the years, including consulting, training, and educational services, and continues to offer such services. It sponsors forums, initiatives, and foundations that affect industries within and outside of the computer industry. Moreover, Intel develops, manufactures and sells a variety of computing, communications, and Internet-related software and hardware products and related services.

Intel's customers and/or ultimate purchasers have included individual consumers, businesses, schools, computer manufacturers, industrial manufacturers, telecommunications equipment manufacturers, the government, the aircraft industry and the military.

12.     Intel is the owner of record of numerous trademark registrations in the United States Patent and Trademark Office covering its INTEL® mark, either with INTEL standing alone or as part of a composite mark, for a variety of semiconductors, microprocessors, computer hardware and computer software products and services, and related goods including printed materials, clothing, jewelry, toys and games, bags, mugs or other accessories, and for a variety of services.

13.     Intel's U.S. trademark registrations for the INTEL mark including the following:

a.     Intel is the owner of U.S. Trademark Registration Nos. 914,978 and 938,772 issued on June 15, 1971 and July 25, 1972, respectively, for the mark INTEL for use in connection with integrated circuits, registers and semiconductor memories and equipment for the testing and programming thereof.  These registrations, duly and legally issued by the United States Patent and Trademark Office, are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  Copies of these registrations are attached hereto as Exhibits A and B.

b.     Intel is the owner of U.S. Trademark Registration No. 939,641 issued on August 1, 1972 for the mark INTEL for use in connection with integrated circuits, registers, and semiconductor memories.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C.

§ 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit C.

        c.      Intel is the owner of U.S. Trademark Registration No. 1,022,563, issued on October 14, 1975, for the mark INTEL for use in connection with microcomputers, microcontrollers, and microprocessors.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit D.

        d.      Intel is the owner of U.S. Trademark Registration No. 1,723,243, issued on October 13, 1992, for the mark INTEL for use in connection with metal key rings, watches, note paper, note cards, posters, microprocessor chip die plot prints as art prints, pencils, ball point pens, ink pens and stationery folders; plastic key chain tags; mugs and water bottles sold empty, jigsaw puzzles, golf balls, golf tees and golf ball markers.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit E.

        e.      Intel is the owner of U.S. Trademark Registration No. 1,725,692, issued on October 20, 1992, for the mark INTEL for use in connection with, among other things, sports bags, gym bags and carry-on bags; towels, and clothing.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its

INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit F.

        f.      Intel is the owner of U.S. Trademark Registration No. 2,171,778, issued on July 7, 1998, for the mark INTEL for use in connection with, among other things, computer operating system software, computer hardware, integrated circuits, integrated circuit chips, microprocessors, printed circuit boards, video circuit boards, audio-video circuit boards, video graphic accelerators, multimedia accelerators, video processors, computer hardware and software for the development, maintenance, and use of interactive audio-video computer conference systems, and computer hardware and software for the receipt, display and use of broadcast video, audio and data signals. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit G.

        g.      Intel is the owner of U.S. Trademark Registration No. 2,194,121 issued on October 6, 1998, for the mark INTEL for use in connection with, among other things, printed materials, namely, books, magazines, newsletters, journals, operating manuals, users guides, pamphlets, and brochures about, for use with and directed to users of, computer operating system software; computer operating programs; computer system tools; computer application software; computer hardware; computer components; integrated circuits; microprocessors; computer memory devices; video graphic accelerators; multimedia accelerators; video processors; and fax/modems. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C.

§ 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit H.

h.      Intel is the owner of U.S. Trademark Registration No. 2,251,962 issued on June 8, 1999, for the mark INTEL for use in connection with clocks, jewelry, cuff links, key chains, necklaces, necktie fasteners, lapel pins, pendants, piggy banks, trophies and watches. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit I.

i.      Intel is the owner of U.S. Trademark Registration No. 2,251,961 issued on June 8, 1999, for the mark INTEL for use in connection with binders, bookends, boxes for pens, calendars, tablets, note cards and playing cards, self-adhesive pads, desk pads, and calendar pads, pens, pencils, folders, paperweights, pen and pencil holders, photograph stands, rulers, erasers, markers, desk sets, and desk organizers. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit J.

j.      Intel is the owner of U.S. Trademark Registration No. 2,250,491 issued on June 1, 1999, for the mark INTEL for use in connection with travel bags, luggage, school bags, back packs, beach bags, duffel bags, fanny packs, and umbrellas. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with

its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit K.

k.      Intel is the owner of U.S. Trademark Registration No. 2,254,525 issued on June 15, 1999, for the mark INTEL for use in connection with T-shirts, shirts, jackets, headwear, hats, polo shirts, and infant rompers. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit L.

l.      Intel is the owner of U.S. Trademark Registration No. 2,261,531 issued on July 13, 1999, for the mark INTEL for use in connection with toys, dolls, bean bags, and Christmas tree ornaments. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit M.

m.      Intel is the owner of U.S. Trademark Registration No. 2,276,580 issued on September 7, 1999 for the mark INTEL for use in connection with mugs and sports bottles. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit N.

n.      Intel is the owner of U.S. Trademark Registration No. 2,446,693, issued on April 24, 2001, for the mark INTEL for use in connection with, among other things, computers, computer hardware, software for use in operating and maintaining computer systems,

microprocessors, integrated circuits, computer chipsets, computer motherboards, computer graphics boards, and computer networking hardware. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit O.

        o.      Intel is the owner of U.S. Trademark Registration No. 2,462,327, issued on June 19, 2001, for the mark INTEL for use in connection with, among other things, computer hardware and software for use in imaging and photographic applications. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit P.

        p.      Intel is the owner of U.S. Trademark Registration No. 2,585,551, issued on June 25, 2002, for the mark INTEL for use in connection with, among other things, computer hardware installation and repair services; arranging and conducting educational conferences and seminars in the fields of computers, telecommunications, and computer networking, and distributing course materials in connection therewith; development, publishing and dissemination of educational materials in the fields of computers, telecommunications and computer networking for others; interactive and non-interactive computer education training services; providing information via global computer network in the fields of education and entertainment; provision of interactive and non-interactive electronic information services on a wide variety of topics; development of local and wide area computer networks for others; computer web site design services; computer software design for others; development of

interactive and non-interactive web pages for the global computer network for others; providing on-line newspapers, magazines, instructional manuals in the fields of technology, entertainment, education and business; and development, maintenance, and provision of interactive and non-interactive electronic bulletin boards services in the fields of entertainment and education. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit Q.

q.     Intel is the owner of U.S. Trademark Registration No. 2,742,174, issued on July 29, 2003, for the mark INTEL for use in connection with, among other things, installation, repair, maintenance, support and consulting services for computer-related and communications-related goods; providing on-line publications, namely, books, brochures, white papers, catalogs and pamphlets in the fields of computer and information technology; and designing and developing standards for others in the design and implementation of computer software, computer hardware and telecommunications equipment. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting and incontestable pursuant to 15 U.S.C. §1065. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit R.

r.     Intel is the owner of U.S. Trademark Registration No. 3,029,954, issued on December 13, 2005, for the mark INTEL for use in connection with, among other things, semiconductor and microprocessor cartridges; internet and web servers; internet and web caching servers; wireless and remote computer peripherals; computer hardware and software for enabling web portals; computer hardware and software for digital encryption, identification and

certification; computer hardware and software to enable remote encrypted networking; computer hardware and software to enable secure data transmission via networks, the internet and world wide web; and computer consultation services, namely, web design and development services. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit S.

s. Intel is the owner of U.S. Trademark Registration No. 3,136,102, issued on August 29, 2006, for the mark INTEL for use in connection with telecommunication services, namely, electronic and digital transmission of data, documents, audio and video via computer terminals. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit T.

t. Intel is the owner of U.S. Trademark Registration No. 3,173,391, issued on November 21, 2006, for the mark INTEL for use in connection with telecommunications consulting services. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit U.

14. In addition to using INTEL as a trade name, a trademark, and a service mark, Intel also owns a large family of marks that incorporate INTEL as a prominent component of the mark. For example, in 1991, Intel developed and launched a cooperative advertising and licensing program referred to as the "Intel Inside® Program." As part of this program, Intel

11

licensed the INTEL mark to PC manufacturers to communicate to the end customer that the manufacturers' products, such as personal desktop computers, laptop computers and workstations, were designed with genuine Intel microprocessors. Among Intel's many thousands of OEM ("Original Equipment Manufacturers") licensees worldwide are technology giants such as Dell, Gateway, Hewlett-Packard, IBM, and Sony. Intel's OEM licensees have sold many billions of dollars worth of products bearing the INTEL marks. The combined advertising expenditure by Intel and Intel's licensees under the INTEL mark has averaged over one billion dollars for each of the last few years. Through extensive advertising and promotion by Intel and its licensees, advertisements reflecting the INTEL mark have most likely created billions of impressions.

15.    Intel is the owner of numerous U.S. trademark registrations for the INTEL INSIDE mark, including Reg. No. 1,705,796 and Reg. No. 2,179,209. Copies of these registrations are attached hereto as Exhibits V and W.

16.    Intel owns many other U.S. trademark registrations for its family of INTEL formative marks. These include: INTEL XSCALE, INTEL NETBURST, INTEL CORE, INTEL VPRO and INTEL ATOM. Copies of these registrations are attached hereto as Exhibits X through CC.

17.    Through its extensive use, Intel also owns common law trademark rights in INTEL and its family of INTEL formative marks, for all of the goods and services and activities identified herein.

18.    Intel maintains an Internet site on the World Wide Web at the address http://www.intel.com. Intel has used its trade name and trademark as an Internet address in order

to make it easy for customers to locate Intel's web site, and to identify that the web site is owned by Intel. Intel's web site features the INTEL marks and many other INTEL composite marks.

19.     As a consequence of the extensive sales, advertising, promotion, and use of the INTEL and INTEL formative trademarks, Intel has developed enormous recognition for its products and services under the INTEL mark and has acquired and enjoys an immensely valuable reputation and tremendous goodwill under the mark. The INTEL mark is world renowned, and is a "famous" mark for purposes of 15 U.S.C. § 1125(c)(1).

## IV.    INTELSPEC'S BUSINESS

20.     Intel is informed and believes that Defendants offers construction and engineering services worldwide.

21.     Defendants' website, www.intelspec.com, describes the business as targeting specialized projects and subcontracts. According to the website, Defendants' consumers include the United States military, governments, and businesses. Intel is informed and believes that Defendants' services include electrical distribution work and other associated services. Defendants' website states, "Intelspec's technical expertise covers the entire spectrum of engineering" and Intelspec's "primary focus" includes "communications infrastructure for public and private entities...."

22.     The INTELSPEC name and mark wholly incorporate and emphasize the INTEL® trademark. "INTEL" is the only distinctive element in Defendants' name and mark, and identical in sight and sound to the world famous INTEL trademark.

23.     Defendants' unauthorized use of the INTEL mark deprives Intel of the ability to control and maintain the high quality of goods and services marketed under its INTEL mark. Given Intel's involvement in communications, the vast use of Intel's products and

services by the military and in other engineering applications, and the similarity of the marks, there is a likelihood that those customers will attribute the quality and content of Defendants' offerings to Intel.   Such confusion risks damaging Intel's relationship with its current and prospective customers, and places Intel's valuable reputation in the hands of an unaffiliated third party.

24.     Initial interest confusion is among the many actionable ways in which Defendants risk deceiving consumers.   Specifically, because Defendants use INTEL-formative marks to identify themselves, their website, and their products, potential customers may mistake Defendants for Intel and be erroneously drawn to them.   Such confusion unjustly benefits Defendants, by causing consumers' initial interest in Defendants' offerings at the expense of Intel.   The harm to Intel is real, regardless of whether customers ultimately come to understand that Defendants and Intel are unaffiliated.

25.     Intel has made numerous attempts to resolve the dispute amicably, but Defendants' response has left Intel with no choice but to pursue its claims.

## FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

26.     Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 25 of this Complaint.

27.     Upon information and belief, Defendants were aware of Intel's business and its INTEL mark prior to the adoption and use of the INTELSPEC trade name.

28.     Defendants' adoption and use of the INTELSPEC trade name occurred well after Intel's INTEL® mark was first used, registered, and became famous.

29.     Defendants either had actual notice and knowledge, or had constructive notice, of Intel's ownership and registrations of the INTEL mark pursuant to 15 U.S.C. § 1072 prior to Defendants' adoption and use of the INTELSPEC trade name.

30.     Defendants are using the INTELSPEC trade name in connection with the offering of their goods and/or services without Intel's consent, and with knowledge of Intel's rights.

31.     Defendants' unauthorized use of the INTELSPEC trade name falsely indicates to consumers that Defendants' services are in some manner connected with, sponsored by, affiliated with, or related to Intel, Intel's licensees, or the goods and services of Intel and Intel's licensees.

32.     Defendants' unauthorized use of the INTELSPEC trade name is also likely to cause consumers to be confused as to the source, nature and quality of the services Defendants are promoting or selling.

33.     Defendants' unauthorized use of the INTELSPEC trade name in connection with the offering of their services allows, and will continue to allow, Defendants to receive the benefit of the goodwill established at great labor and expense by Intel and to gain acceptance of Defendants' services, not based on the merits of those services, but on Intel's reputation and goodwill.

34.     Defendants' unauthorized use of the INTELSPEC trade name in connection with the offering of their services deprives Intel of the ability to control the consumer perception of the quality of the goods and services marketed under the INTEL mark, and places Intel's valuable reputation and goodwill in the hands of Defendants, over which Intel has no control.

35.   Defendants are likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

36.   Intel has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement, and unless enjoined by the Court, Intel will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Intel has no adequate remedy at law.

## SECOND CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(A))

37.   Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 36 of this Complaint.

38.   Defendants' unauthorized use of the INTELSPEC trade name falsely suggests that their services are connected with, sponsored by, affiliated with, or related to Intel, and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

39.   Intel has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Intel will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Intel has no adequate remedy at law.

## THIRD CAUSE OF ACTION – FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(C))

40.   Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 39 of this Complaint.

41.   The INTEL mark is world-renowned.  It is a famous mark that is widely recognized by consumers, businesses and industry, and that identifies the products and services of Intel in the minds of consumers.

42.    Defendants' unauthorized use of the INTELSPEC trade name began after Intel's mark had become famous.

43.    Defendants' unauthorized use of the INTELSPEC trade name has, and will continue to have, an adverse effect upon the value and distinctive quality of the INTEL mark. Defendants' acts blur and whittle away at the distinctiveness and identity-evoking quality of the INTEL mark. Defendants' acts are diluting and/or are likely to dilute the famous INTEL mark in violation of 15 U.S.C. § 1125(c).

44.    Intel has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Intel will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which Intel has no adequate remedy at law.

**FOURTH CAUSE OF ACTION – INJURY TO BUSINESS REPUTATION AND DILUTION UNDER DELAWARE LAW**
**(6 DEL. C. §3313)**

45.    Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 44 of this Complaint.

46.    Defendants' unauthorized use of the INTELSPEC trade name is likely to injure Intel's business reputation, and has diluted, and/or is likely to dilute, the distinctive quality of the INTEL mark and trade name in violation of the Delaware Trademark Act, 6 Del. C. §3313.

47.    Defendants intended to trade on Intel's image and reputation and to dilute the INTEL trademark, acted with reason to know, or were willfully blind as to the consequences of their actions.

48.   Defendants' wrongful acts have caused and will continue to cause Intel irreparable harm. Intel has no adequate remedy at law for Defendants' violations.

49.   Intel is therefore entitled to a judgment enjoining and restraining Defendants from engaging in further acts of injury to business reputation or dilution.

### FIFTH CAUSE OF ACTION – INFRINGEMENT UNDER DELAWARE LAW (6 DEL. C. §3312 AND COMMON LAW)

50.   Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 49 of this Complaint.

51.   Defendants' unauthorized use of the INTELSPEC trade name in connection with the sale, offering for sale, distribution or advertising of their products and services is likely to cause confusion or mistake or to deceive as to the source or origin of their goods and/or services in violation of the Delaware Trademark Act, 6 Del. C. §3312 and Delaware common law.

52.   Upon information and belief, Defendants' infringement has been with knowledge of Intel's rights.

53.   Intel has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts and, unless enjoined by the Court, Intel will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which Intel has no adequate remedy at law.

### SIXTH CAUSE OF ACTION – DELAWARE DECEPTIVE TRADE PRACTICES ACT (6 DEL. C. §2532)

54.   Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 53 of this Complaint.

55.   Defendants' acts described above constitute unfair competition in violation of the Delaware Deceptive Trade Practices Act, 6. Del. C. § 2532, as they are likely to deceive the public.

56.   Defendants' acts of unfair competition and deceptive trade practices have caused and will continue to cause Intel irreparable harm.  Intel has no adequate remedy at law for Defendants' deceptive trade practices.

57.   Intel is entitled to a judgment enjoining and restraining Defendants from engaging in further deceptive trade practices.

### DEMAND FOR JURY TRIAL

58.   Intel hereby demands trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Intel prays for relief as follows:

1.   Entry of an order and judgment requiring that Defendants, their agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from (a) using in any manner the INTELSPEC trade name and trademark, the INTEL mark, or any name, mark or domain name that wholly incorporates the INTEL mark or is confusingly similar to or a colorable imitation of this mark; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Intel's products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Defendants and Intel; and (c) committing any acts which will tarnish, blur,

or dilute, or likely to tarnish, blur, or dilute the distinctive quality of the famous INTEL mark or cause injury to Intel's business reputation;

2.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Intel within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, ceased all sales of goods and services under the INTELSPEC trade name and mark, and taken down the www.intelspec.com website, as set forth above;

3.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118 and 6 Del. C. §3314, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles or other matter in the possession, custody, or under the control of Defendants or their agents bearing the trademark INTEL in any manner, or any mark that is confusingly similar to or a colorable imitation of this mark, including without limitation the INTELSPEC trade name, both alone and in combination with other words or terms;

4.    A judgment ordering Defendants to take all steps necessary to cancel or transfer to Intel, in Intel's sole discretion, the http://www.intelspec.com domain name and any other domain name that includes the INTEL mark that is in Defendants' possession or control, and to remove all references to INTEL from all of their other websites, if any;

5.    A judgment ordering Defendants to take all steps necessary to cancel or modify their corporate registrations and trade names that include the INTELSPEC name.

6.      A judgment in the amount of Intel's actual damages, Defendants' profits, Intel's reasonable attorneys' fees and costs of suit, and pre-judgment interest pursuant to 15 U.S.C. §1117, 6 Del. C. §2533, and 6 Del. C. §3314;

7.      A judgment for enhanced damages under 15 U.S.C. §1117, treble damages under 6 Del. C. §2533, and punitive damages under state law as appropriate; and

8.      A judgment granting Intel such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Bobby A. Ghajar
Neil Vohra
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017
(213) 488-7100

October 12, 2011